UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ALVAREZ ZARDAIN,<br><br>Plaintiff,<br><br>v.<br><br>IPACPA US, INC., a Delaware corporation, TRC HOLDINGS, INC., a Delaware corporation, and DOES 1-20,<br><br>Defendants. | No. 2:15-cv-1207-MCE-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for entry of default judgment against defendant IPACPA US, Inc.[1] For the following reasons, it is recommended that plaintiff's motion be denied without prejudice.[2]

I. Background

Plaintiff brings this action for breach of contract against defendants IPACPA US, Inc. ("IPACPA") and TRC Holdings, Inc. ("TRC"). ECF No. 2. According to the complaint, in August, 2012, plaintiff and IPACPA entered into a stock purchase agreement whereby plaintiff

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the motion and the matter was ordered submitted on the moving papers. *See* E.D. Cal. L.R. 230(g).

1

1  agreed to sell and IPACPA agreed to purchase plaintiff's interest in Industrializadora de
2  Productos Agricolas de la Cuenca del Papaloapan, S.A. DE C.V. ("Company") for $1,750,000.00
3  plus interest.  *Id*. ¶ 11.  Pursuant to the purchase agreement, the parties executed a promissory
4  note whereby IPACPA agreed to pay plaintiff $750,000.00 plus interest at a rate of 7% per
5  annum.  *Id*. ¶ 12, Ex. A.

6       On the same date, plaintiff and IPACPA entered into a commercial commission agreement
7  under which IPACPA agreed to pay plaintiff $3,250,000.00 to perform services as an agent of
8  IPACPA.  *Id*. at ¶ 13.  Pursuant to that agreement, the parties executed a second promissory note
9  whereby IPACPA promised to pay plaintiff the principal sum of $3,250,000.00 plus interest at a
10 rate of 7% per annum.  *Id*. at ¶ 14, Ex. B.  Plaintiff further alleges that TRC was the guarantor of
11 both notes.  *Id*. ¶¶ 12, 14.  Plaintiff claims that although IPACPA initially made payments under
12 the notes, it has since defaulted.  *Id*. ¶ 16.  Plaintiff has requested payments, but defendants have
13 refused to remit the outstanding balance and interest owed under the notes.  *Id*. ¶¶ 16-17.

14      Plaintiff initiated this action on June 4, 2015.  ECF No. 2.  The complaint purports to
15 assert four causes of action: (1) breach of contract; (2) unjust enrichment; (3) imposition of
16 constructive trust; and (4) temporary, preliminary, and permanent injunctive relief.  *Id*. at 4-5.
17 Plaintiff seeks to recover the amount due under the notes plus interest, the imposition of a
18 constructive trust and/or disgorgement of all property and assets wrongfully held, and injunctive
19 relief enjoining defendants from dissipating and/or transferring any assets or funds which would
20 hinder plaintiff from recovering the amount due under the notes.  *Id*. at 6.

21      According to the proof of service filed on June 16, 2015, plaintiff personally served
22 Corporation Service Company, IPACPA's agent for service of process, with a copy of the
23 summons and complaint on June 11, 2015.  ECF No. 5.  On July 6, 2015, plaintiff requested entry
24 of IPACPA's default, which the clerk subsequently entered.  ECF Nos. 7, 8.  Thereafter, plaintiff
25 filed the instant motion for default judgment, which seeks entry of default judgment against
26 defendant IPACPA.  ECF No. 14.
27 /////
28 /////

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

/////
/////

3

III. Discussion

    A. Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors

Here, plaintiff's motion sufficiently establishes that the *Eitel* factors weigh in favor of default judgment. Plaintiff would possibly suffer prejudice absent entry of default judgment, as he would be unable to obtain relief against IPACPA for its alleged misconduct. Plaintiff has also sufficiently alleged a claim for breach of contract. To state a breach of contract claim, the plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) the defendants' breach, and (4) damage to plaintiff.[3] *Amelco Elec. v. City of Thousand Oaks*, 27 Cal. 4th 228, 243 (2002). Plaintiff alleges that he entered into two agreements with IPACPA, one for the sale of stock and the other for payment for the performance of services as an agent for IPACPA. ECF No. 2 ¶¶ 11, 12. Pursuant to these agreements, the parties executed two promissory notes, under which IPACPA promised to pay plaintiff $750,000.00 and $3,250,000.00, plus interest at 7% per annum, for a total of $4,000,000.00, plus interest. *Id*. ¶¶ 12, 14. Plaintiff alleges that he fully performed all obligations under the agreements. *Id*. ¶ 20. However, IPACPA failed to make all payments due under the notes. *Id*. ¶ 21. As of the date this action was filed, the outstanding balance due was $3,134,168.68. These facts are sufficient to state a claim for breach of contract under California law.

Furthermore, accepting the complaint's factual allegations as true, the likelihood of a dispute is minimal. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court

---

[3] Although plaintiff's complaint purports to assert causes of actions for unjust enrichment, constructive trust, and injunctive relief, his motion does not address these other claims. The court need not address these claims as the last two are remedies and not independent causes of action, and plaintiff cannot recover under both an unjust enrichment and breach of contract theory of liability. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1306 (2011) ("Unjust enrichment is not a cause of action, just a restitution claim*); Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) ("[U]njust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties"); *Rasmussen v. Dublin Rarities*, No. C 14-1534 PJH, 2015 WL 1133189, at *13 (N.D. Cal. Feb. 27, 2015) ("a constructive trust is an equitable remedy, not a cause of action"); *Ramos v. Chase Home Finance*, 810 F. Supp. 2d. 1125, 1132 (9th Cir. 2011) ("The court follows a well-settled rule that a claim for 'injunctive relief' standing alone is not a cause of action") (internal citations omitted).

1    clerk enters default judgment, there is no likelihood that any genuine issue of material fact
2    exists.")  Although plaintiff seeks more than $3 million in damages, the amount sought is only
3    what plaintiff is allegedly owed under the contracts.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177
4    ("[t]he court must consider the amount of money at stake in relation to the seriousness of
5    Defendant's conduct."); *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D.
6    494, 500 (C.D. Cal. 2003).  Further, the record also indicates that IPACPA was properly served
7    with a copy of the summons and complaint (ECF No. 5), suggesting that its failure to appear in
8    this action was not due to excusable neglect.  Lastly, although "[c]ases should be decided upon
9    their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, district courts have
10   concluded with regularity that this policy, standing alone, is not dispositive, especially where a
11   defendant fails to appear or defend itself in an action, *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.
12          Accordingly, the *Eitel* factors weigh in favor of entry of default judgment against
13   IPACPA on plaintiff's contract claim.  Nonetheless, entry of judgment at this time is premature.
14          B.      <u>Entry of Judgement Under Rule 54(b)</u>
15          As defendant TFC has appeared in this action and filed an answer, in addition to satisfying
16   the *Eitel* factors, plaintiff must also demonstrate that entry of final judgment against IPACPA is
17   appropriate under Federal Rule of Civil Procedure 54(b).  Plaintiff contends that entry of
18   judgment is appropriate at this time because there is no risk of inconsistent judgments.  ECF No.
19   14-1 at 6.  The court disagrees.
20          "When an action presents more than one claim for relief . . . or when multiple parties are
21   involved, the court may direct entry of a final judgment as to one or more, but fewer than all,
22   claims or parties only if the court expressly determines that there is no just reason for delay."
23   Fed. R. Civ. P. 54(b).  "[W]here a complaint alleges that defendants are jointly liable and one of
24   them defaults, judgment should not be entered against the defaulting defendant until the matter
25   has been adjudicated with regard to all defendants."  *In re First T.D. & Inv., Inc.*, 253 F.3d 520,
26   532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)).  Even where the
27   defendants are not jointly liable, a court may decline to enter judgement against a defaulted
28   /////

defendant under Rule 54(b) where it could result in "incongruous and unfair" rulings. *See id*. at 532.

Here, entry of final judgment against IPACPA at this juncture could potentially lead to incongruous and rulings. Defendant TRC's liability is based solely as the guarantor of the promissory notes and IPACPA's failure to satisfy its obligations under the notes. One potential defense available to TRC is that the contract plaintiff seeks to enforce is invalid. Indeed, in its answer TRC specifically raises lack of consideration as an affirmative defense. ECF No. 13 ¶ 50. Should TRC succeed in demonstrating that the alleged contracts were invalid, it would be incongruous and unjust to hold IPACPA liable for breach of unenforceable contracts.

Even if plaintiff ultimately succeeds on his breach of contract claim, there may also be a dispute concerning the appropriate amount of damages. For instance, TRC could potentially produce evidence demonstrating that IPACPA actually paid more of the principle owed under the contracts than plaintiff contends, and therefore the amount TRC would owe as guarantor would be less than the amount sought against IPACPA in the instant motion. Since TRC is only liable for the amount IPACPA failed to pay under the contract, it would be unjust to enter judgment against each defendant in different amounts for breach of the same contracts.

Stated differently, each defendant's potential liability is too interwoven with the other's to permit entry of judgment against IPACPA at this time. Accordingly, the court finds that there is a just reason to delay entry of judgment against IPACPA, and therefore the request for an interlocutory default judgment be denied. The denial for entry of a judgment default should be without prejudice to renewal at the conclusion of the case on the merits.

IV.    Conclusion

Accordingly, it is hereby RECOMMENED that plaintiff's motion for default judgment (ECF No. 14) be denied without prejudice to renewal at the conclusion of the case on the merits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2016.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE