UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ALVAREZ ZARDAIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IPACPA US., INC., a Delaware corporation, TRC HOLDINGS, INC., a Delaware corporation and DOES 1-20,<br><br>Defendants. | No. 2:15-cv-01207-MCE-EFB<br><br><br><br>**ORDER** |

 Through the present action, Plaintiff Enrique Alvarez Zardain ("Plaintiff") seeks damages for breach of contract and related claims as a result of purchase and commission agreements entered into by Plaintiff with Defendant IPACPA U.S, Inc. ("IPACPA").  Plaintiff alleges that IPACPA defaulted on its obligation to make payments under those agreements.  Defendant TRC Holdings, Inc. ("TRC") is also named as a Defendant on grounds that it acted as guarantor for promissory notes made in connection with the agreements.

 Presently before the Court is Plaintiff's Ex Parte Motion Application (ECF No. 28) to either continue Defendant TRC's presently scheduled Motion for Summary Judgment in this matter (ECF No. 27) or alternatively to amend the Court's operative October 19,

1

2015 Pretrial Scheduling Order ("PTSO," ECF No. 17).  Plaintiff asks the Court to either extend his deadline for opposing TRC's Motion or to permit Plaintiff to file its own potential cross motion for summary judgment.  The Court treats Plaintiff's application as a request to amend the PTSO in that regard.

Once a district court has issued a PTSO pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Prior to the final pretrial conference in this matter, which is presently for June 22, 2017, the Court can modify its PTSO upon a showing of "good cause."  See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated that:

> "[a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications.  If that party was not diligent, the inquiry should end."

Id. (citations omitted).

According to Plaintiff's counsel, Jamie Dreher, when TRC's Motion was Summary Judgment was filed on July 23, 2016 the opposition was calendared as due in accordance with provisions of Local Rule 230 (c) (fourteen days preceding the noticed hearing date) without realizing that the Court's October 19, 2015 PTSO in fact made the deadline five weeks prior to the hearing in order to accommodate full briefing for the opposing party's cross-motion for summary judgment should one be contemplated.  That made Plaintiff's opposition deadline August 17, 2016 instead of the September 8, 2016 deadline that would otherwise apply under the Local Rules.

Once Mr. Dreher learned of his mistake after receiving an email from defense counsel on Friday August 19, 2016 about the status of his opposition, he immediately emailed defense counsel for a stipulation to either continue the hearing date or stipulate to a late opposition.  After counsel declined to so stipulate, Mr. Dreher proceeded to prepare and file the instant application and supporting documents on Monday, August, 22, 2016, the next business day.  Defense counsel opposed the request on Wednesday, August 24, 2016 (ECF No. 29) and Plaintiff filed its reply later that same day (ECF No. 30).

Mr. Dreher has assumed full responsibility for his error in mistakenly calendaring the opposition deadline, and the Court notes that its extended opposition deadline to accommodate the filing of a cross-motion has since been discontinued in PTSOs due to the confusion it has engendered with the diverging requirements of the Local Rules.  The Court therefore treats the mistake as an inadvertent one made in good faith, so the next inquiry becomes whether Mr. Dreher was diligent in rectifying his error.  He was.  Once the mistake was brought to its attention, Dreher immediately sought a stipulation and when that failed, had an ex parte application for relief on file the next business day.  Because <u>Johnson</u> makes it clear that whether or not good cause has been established for modifying a PTSO (here its requirement as to the filing of opposition papers) hinges on the responding party's diligence, that necessary diligence has clearly been established

Having established that Plaintiff is entitled to relief from the strictures of the current PTSO, the Court next addresses whether Plaintiff's time for opposing TRC's Motion should be extended with reference to its presently scheduled hearing date of September 22, 2016, or instead whether the Motion should be continued so as to permit Plaintiff to both submit an opposition and to file any counter motion he may wish to present given the PTSO's requirement that both events occur simultaneously.

Defendant TRC wants to keep the existing hearing date in order to avoid incurring expenses connected with having to disclose expert witnesses on October 14, 2016, as

the PTSO currently requires.  While the Court notes that meeting this objective would appear highly unlikely given the time frames involved, it nonetheless will defer to the date chosen by TRC for its motion despite the fact that said motion was filed more than six months prior to the deadline for hearing dispositive motions, and almost three months before fact discovery was scheduled to close.  Consequently, the PTSO is modified to permit Plaintiff to file a timely opposition not later than September 8, 2016.  Since that result preserves the existing hearing date, TRC cannot claim prejudice.

Having permitted that late opposition, should Plaintiff wish to file an additional motion for summary judgment he will have to apply for leave to do so as the PTSO requires.  It would be improper for the Court to continue the hearing date now, when according to Plaintiff's own papers he has not made any firm decision on whether to pursue such a motion.

In sum, then, Plaintiff's Ex Parte Application (ECF No. 28) is GRANTED to the extent that the operative PTSO is amended to permit Plaintiff to file a timely opposition to TRC's Motion for Summary Judgment not later than September 8, 2016.  All other provisions in the PTSO continue to apply.  Plaintiff's  Ex Parte Application is otherwise DENIED.

IT IS SO ORDERED.

Dated:  August 26, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE